UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Christopher Carlson,

    Plaintiff,

v.

Synchrony Bank and Equifax Information Services LLC.

    Defendants.

Case No.: 3:21-cv-77

## COMPLAINT

COMES NOW Plaintiff, Christopher Carlson, by and through counsel undersigned, upon information and belief, herby complains as follows:

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Dane, Wisconsin.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Synchrony Bank, is a corporation existing and operating under the laws of the State of Wisconsin and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies:

5. Synchrony Bank has the following designated service agent for service within the State of Wisconsin as follows: 170 West Election Road, Suite 125 Draper, UT 84020.

6. At all times pertinent hereto, Synchrony Bank was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7. Defendant, Equifax Information Services LLC, is a credit reporting agency, licensed to do business in Wisconsin and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 8040 Excelsior Drive, Ste. 400. Madison, WI 53717.

8. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

9. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

12. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Dane County, Wisconsin and Defendants do business in Wisconsin.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Wisconsin, Defendants have the necessary minimum contacts with the state of Wisconsin, and this suit arises out of specific conduct with Plaintiff in Wisconsin.

## IV.   FACTUAL ALLEGATIONS

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Synchrony Bank and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. Equifax is one of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

19. In July 2019 Plaintiff discovered the Defendant Synchrony Bank's hard Inquiry (the "Inquiry") was being reported in error.

20. The Inquiry is reported in error as Plaintiff did not authorize or request Plaintiff Synchrony Bank to pull the Inquiry illustrated on Plaintiff's consumer report.

21. The referenced inquiry has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

22. Defendant Synchrony Bank was required pursuant to FCRA §§ 1681q, 1681n and 1681o to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

23. At no time material hereto did Plaintiff have a relationship of any kind with Defendant Synchrony Bank as defined under FCRA § 1681b (3)(A) – (E).

24. Plaintiff did not give written instructions to Defendant Synchrony bank to obtain and/or release to a third party a consumer report of which Plaintiff was the subject.

25. Defendant Synchrony Bank did not have a permissible purpose to obtain or use Plaintiff's consumer report.

26. Defendant Synchrony Bank had an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

27. Defendant Synchrony Bank continued, erroneously, to report the Inquiry to Equifax, which is a CRA for Plaintiff's consumer report.

28. The false information regarding the Inquiry appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

29. On or about June 29, 2020, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Inquiry reporting on Plaintiff's Equifax consumer report.

30. Upon information and belief, Equifax forwarded Plaintiff's Dispute Letter to Defendant Synchrony Bank.

31. Upon information and belief, Synchrony Bank received notification of Plaintiff's Dispute Letter from Equifax.

32. Synchrony Bank did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Inquiry.

33. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Inquiry.

34. Upon information and belief, Synchrony Bank failed to instruct Equifax to remove the false information regarding the Inquiry reporting on Plaintiff's consumer report.

35. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Inquiry identified in Plaintiff's Dispute Letter.

36. At no point after receiving the Dispute Letter did Synchrony Bank and/or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letter.

37. Equifax relied on its own judgment and the information provided to them by Synchrony Bank rather than grant credence to the information provided by Plaintiff.

**COUNT I – EQUIFAX**

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Inquiry reporting on Plaintiff's Equifax consumer report.

40. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

41. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including

economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Inquiry reporting on Plaintiff's Equifax consumer report.

47. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

48. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – SYNCHRONY BANK

Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Dispute Letter, Synchrony Bank failed to correct the false information regarding the Inquiry reporting on Plaintiff's consumer report.

54. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Synchrony Bank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Synchrony Bank's representations to consumer credit reporting agencies, among other unlawful conduct.

55. As a result of this conduct, action, and inaction of Defendant Synchrony Bank's, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendant Synchrony Bank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendant Synchrony Bank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Defendant Synchrony Bank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV – SYNCHRONY BANK AND EQUIFAX

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681b

59. Equifax willfully violated 15 U.S.C. §1681b because it furnished Plaintiff's consumer report to Defendant Synchrony Bank without having reason to believe that Synchrony Bank had a permissible purpose to receive Plaintiff's consumer report.

60. Equifax's willful violation of 15 U.S.C. §1681b was a cause of and resulted in an invasion of Plaintiff's privacy.

61. Defendant Synchrony Bank willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without any authorization or purpose.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in

the circumstances.

Dated:   February 2, 2021

                                    MCCARTHY LAW, PLC

                                    */s/Joseph Panvini*
                                    Joseph Panvini, Esq.
                                    MCCARTHY LAW, PLC
                                    4250 North Drinkwater Blvd, Suite 320
                                    Scottsdale, AZ  85251
                                    Telephone: (602) 456-8900
                                    Fax: (602) 218-4447
                                    Attorney for Plaintiff