**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CHRISTOPHER CARLSON,<br><br>      Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK and EQUIFAX<br>INFORMATION SERVICES, LLC.,<br><br>      Defendants | Case No. 3:21-cv-00077-wmc |

**DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Synchrony Bank ("Synchrony"), by counsel and pursuant to the Federal Rules of Civil Procedure, files its Answer and Defenses in response to the Complaint filed by Plaintiff, Christopher Carlson ("Plaintiff"):

**ANSWER**

**I.    INTRODUCTION[1]**

1.    The allegations of Paragraph 1 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**II.    PARTIES**

2.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, Synchrony denies the allegations.

---

[1] Synchrony restates the headings contained in the Complaint for convenience only.  Synchrony does not concede the accuracy of any heading and denies all liability as alleged by Plaintiff.

3.    The allegations of Paragraph 3 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

4.    Synchrony is a federally chartered savings association with its home office located at 170 West Election Road, Suite 125, Draper, Utah.  Synchrony denies any remaining allegations in Paragraph 4.

5.    Synchrony is a federally chartered savings association with its home office located at 170 West Election Road, Suite 125, Draper, Utah.  Synchrony denies any remaining allegations in Paragraph 5.

6.    The allegations of Paragraph 6 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

7.    To the extent that the allegations in Paragraph 7 are not directed at Synchrony, no response is required from Synchrony.

8.    To the extent that the allegations in Paragraph 8 are not directed at Synchrony, no response is required from Synchrony.

9.    To the extent that the allegations in Paragraph 9 are not directed at Synchrony, no response is required from Synchrony.

10.    To the extent that the allegations in Paragraph 10 are not directed at Synchrony, no response is required from Synchrony.

11.    To the extent that the allegations in Paragraph 11 are not directed at Synchrony, no response is required from Synchrony.

### III.    JURISDICTION AND VENUE

12.    The allegations of Paragraph 12 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

13.     The allegations of Paragraph 13 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

14.     The allegations of Paragraph 14 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

## IV.     FACTUAL ALLEGATIONS

15.     To the extent that the allegations in Paragraph 15 are not directed at Synchrony, no response is required from Synchrony.  The allegations of Paragraph 15 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

16.     To the extent that the allegations in Paragraph 16 are not directed at Synchrony, no response is required from Synchrony.

17.     To the extent that the allegations in Paragraph 17 are not directed at Synchrony, no response is required from Synchrony.

18.     To the extent that the allegations in Paragraph 18 are not directed at Synchrony, no response is required from Synchrony.

19.     The allegations of Paragraph 19 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 19 are not directed at Synchrony, no response is required from Synchrony.  To the extent that the allegations in Paragraph 19 are directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, Synchrony denies the allegations.

20.     The allegations of Paragraph 20 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 20 are not directed at Synchrony, no response is required from Synchrony.  To the extent that the allegations in Paragraph 20 are

directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, Synchrony denies the allegations.

21. The allegations of Paragraph 21 are conclusions of law to which no response is required. To the extent that the allegations in Paragraph 21 are not directed at Synchrony, no response is required from Synchrony. To the extent that the allegations in Paragraph 21 are directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, Synchrony denies the allegations.

22. The allegations of Paragraph 22 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated the FCRA.

23. The allegations of Paragraph 23 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated the FCRA.

24. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, Synchrony denies the allegations.

25. The allegations of Paragraph 25 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated the FCRA.

26. The allegations of Paragraph 26 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated the FCRA.

27. The allegations of Paragraph 27 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated the FCRA.

28. The allegations of Paragraph 28 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated the FCRA.

PLAINTIFF'S WRITTEN DISPUTE

29.    The allegations of Paragraph 29 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 29 are not directed at Synchrony, no response is required from Synchrony.  To the extent that the allegations in Paragraph 29 are directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, Synchrony denies the allegations.

30.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, Synchrony denies the allegations.

31.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis, denies the allegations.

32.    The allegations of Paragraph 32 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

33.    The allegations of Paragraph 33 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 33 are not directed at Synchrony, no response is required from Synchrony.  To the extent that the allegations in Paragraph 33 are directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, Synchrony denies the allegations.

34.    The allegations of Paragraph 34 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

35.    The allegations of Paragraph 35 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 35 are not directed at Synchrony, no response is required from Synchrony.

36.    The allegations of Paragraph 36 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 36 are not directed at Synchrony, no response is required from Synchrony.  To the extent that the allegations in Paragraph 36 are directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, Synchrony denies the allegations.

37.    The allegations of Paragraph 37 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 37 are not directed at Synchrony, no response is required from Synchrony.  To the extent that the allegations in Paragraph 37 are directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, Synchrony denies the allegations.

**COUNT I- EQUIFAX**
**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

38.    Synchrony incorporates its responses to the foregoing Paragraphs as if fully set forth herein.

39.    The allegations of Paragraph 39 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 39 are not directed at Synchrony, no response is required from Synchrony.

40.    The allegations of Paragraph 40 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 40 are not directed at Synchrony, no response is required from Synchrony.

41.    The allegations of Paragraph 41 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 41 are not directed at Synchrony, no response is required from Synchrony.

42.    The allegations of Paragraph 42 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 42 are not directed at Synchrony, no response is required from Synchrony.

43.    The allegations of Paragraph 43 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 43 are not directed at Synchrony, no response is required from Synchrony.

44.    The allegations of Paragraph 44 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 44 are not directed at Synchrony, no response is required from Synchrony.

**COUNT II- EQUIFAX**
**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

45.    Synchrony incorporates its responses to the foregoing Paragraphs as if fully set forth herein.

46.    The allegations of Paragraph 46 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 46 are not directed at Synchrony, no response is required from Synchrony.

47.    The allegations of Paragraph 47 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 47 are not directed at Synchrony, no response is required from Synchrony.

48.    The allegations of Paragraph 48 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 48 are not directed at Synchrony, no response is required from Synchrony.

49.    The allegations of Paragraph 49 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 49 are not directed at Synchrony, no response is required from Synchrony.

50.    The allegations of Paragraph 50 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 50 are not directed at Synchrony, no response is required from Synchrony.

51.    The allegations of Paragraph 51 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 51 are not directed at Synchrony, no response is required from Synchrony.

## COUNT III- SYNCHRONY BANK
## FAIR CREDIT REPORTING ACT VIOLATION- 15 U.S.C. §1681s-2(b)

52.    Synchrony incorporates its responses to the foregoing Paragraphs as if fully set forth herein.

53.    The allegations of Paragraph 53 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

54.    The allegations of Paragraph 54 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

55.    The allegations of Paragraph 55 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

56.    The allegations of Paragraph 56 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

57.    The allegations of Paragraph 57 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

58.     The allegations of Paragraph 58 are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

### COUNT IV-SYNCHRONY BANK AND EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION- 15 U.S.C. §1681b

59.     The allegations of Paragraph 59 are conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 59 are not directed at Synchrony, no response is required from Synchrony.  To the extent that the allegations in Paragraph 59 are directed to Synchrony, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and, therefore, Synchrony denies the allegations. Synchrony denies violating the FCRA.

60.     To the extent that the allegations in Paragraph 60 are not directed at Synchrony, no response is required from Synchrony.

61.     The allegations of Paragraph 61, Including the Prayer for Relief following Paragraph 61, are conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies it violated the FCRA.

Synchrony denies all allegations in the Complaint except those expressly admitted in the preceding paragraphs.

### DEFENSES

Synchrony alleges the following separate and distinct defenses and affirmative defenses without conceding that Synchrony necessarily bears the burden of proof or persuasion.

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

3.      Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, offset and/or unclean hands.

4.      To the extent that Plaintiff may have or will suffer any damages as alleged in the Complaint, which Synchrony denies, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons other than Synchrony, over whom Synchrony had no control, and for whose conduct Synchrony is not responsible, which bars or diminishes any recovery by Plaintiff against Synchrony.

5.      Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

6.      Synchrony specifically denies that it acted with any malice, intent, willfulness, or knowledge to cause any injury or loss to Plaintiff.

7.      Plaintiff has ratified or consented to the actions and conduct of Synchrony.

8.      Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

9.      Any alleged acts or omissions of Synchrony giving rise to the claims of Plaintiff, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony.  Synchrony, at all times acted in a reasonable manner in connection with the transactions at issue in this action.

10.      Synchrony met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Synchrony.

11.      Synchrony incorporates by reference any affirmative defenses set forth by all other defendants to this matter as if fully set forth herewith.

12.    Synchrony reserves the right to assert additional affirmative defenses as may become known or available to it.

WHEREFORE, Defendant Synchrony Bank requests that the Court enter judgment in its favor and decline to grant Plaintiff any of the relief that he has requested or any relief whatsoever.

DATED:  April 1, 2021                                     REED SMITH LLP


                                                          /s/ Timothy R. Carwinski
                                                          Timothy R. Carwinski
                                                          tcarwinski@reedsmith.com
                                                          10 South Wacker Drive, 39th Floor
                                                          Chicago, IL  60606-7507
                                                          Telephone:  (312) 207-1000
                                                          Facsimile:  (312) 207-6400

                                                          *Attorney for Defendant Synchrony Bank*


## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2021, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                                          /s/ Timothy R. Carwinski
                                                          Timothy R. Carwinski


- 11 -