**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

CHRISTOPHER CARLSON,

       Plaintiff,

v.

SYNCHRONY BANK and EQUIFAX
INFORMATION SERVICES, LLC.,

       Defendants

Case No. 3:21-cv-00077-WMC-SLC

## SYNCHRONY BANK'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Synchrony Bank. ("Synchrony"), through undersigned counsel, moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of its Motion, Synchrony submits the following brief.

## I.    INTRODUCTION

Plaintiff alleges that Synchrony violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), when it performed a credit inquiry on his credit in regard to a PayPal application he did not make.  Plaintiff alleges that this credit inquiry violated the FCRA §1681b(f).  (*See* Plaintiff's Complaint [DK 1] ("Complaint")[1] Count IV, ¶61)  Plaintiff also alleges that Synchrony violated the FCRA §1681s-2(b) by failing to reasonably reinvestigate his dispute as to the accuracy of information furnished by Synchrony.  (Complaint Count III, ¶¶52-58).

Synchrony moves for summary judgment in this matter because Synchrony had a permissible business purpose to seek the Plaintiff's credit information, as a third party had

---

1. Counts I and II of the Complaint were made against Equifax Information Systems, LLC ("Equifax"). Equifax has been dismissed from this action.

mistakenly provided the social security number ending in 1275 as part of a credit application. Accordingly, and notwithstanding this third party's error, the FCRA permits Synchrony to have accessed Plaintiff's credit information.  Thus, Plaintiff's claim under the FCRA §1681b(f) fails as a matter of law.

Importantly, Plaintiff's claim under Section 1681s-2(b), alleging that Synchrony failed to conduct a reasonable reinvestigation of disputed information, is without merit because the duty to conduct such an investigation is not triggered until a furnisher of information receives a dispute *from a consumer reporting agency*. Here, is it undisputed that Synchrony never received such a dispute.   As a result, Synchrony had no duty under FCRA §1681s-2(b) to perform any reinvestigation and can have no FCRA liability to the Plaintiff.

As both of Plaintiff's theories of FCRA liability fail as a matter of law, Synchrony is entitled to summary judgment in its favor.

## II.    BACKGROUND

### A.    The FCRA.

Plaintiff claims that Synchrony violated the FCRA by obtaining his "consumer report" information in alleged violation of 15 U.S.C. §1681b(f). (Complaint ¶ 61).  Under the FCRA, a "consumer reporting agency" ("CRA") can furnish a "consumer report" about an individual to a user (like Synchrony) for at least one of the enumerated "permissible purposes," as defined by the FCRA. *See* 15 U.S.C.  §1681b(a)(3).  A user (like Synchrony here) may also obtain "consumer report" information about an individual if the user has "reason to believe" that it possesses one of these permissible purposes. *See* 15 U.S.C. §§1681b(a)(3) & (f).

In this suit, the Plaintiff seeks to hold Synchrony liable under the FCRA both as a "user of information" (Count IV) and as a "furnisher of information" (Count III).  Synchrony addresses the

Plaintiff's Counts in reverse order because the events forming the basis of the claims occurred in

the order of the credit inquiry (Count IV) and then the alleged subsequent failure to reinvestigate

(Count III).

        **B.**      **Undisputed Material Facts.**

      a.      On August 27, 2019, Synchrony received an online application for a PayPal credit account from an applicant using a Social Security number ending in 1275. (Declaration of A. Nayman ¶6, attached as Exhibit 1)  As part of the application process, Synchrony accessed Plaintiff's credit report.  That inquiry triggered a notation on Plaintiff's credit report.

      b.      A PayPal credit account was issued to the applicant.  (Declaration of A. Nayman ¶7)

      c.      On September 2, 2019, Plaintiff contacted Synchrony and verbally disputed the accuracy of his credit report stating he did not open a PayPal account.  (Declaration of A. Nayman ¶8)

      d.      On September 19, 2019, Synchrony complied with the Plaintiff's request and requested the credit reporting agencies to remove the PayPal account from Plaintiff's credit file. (Declaration of A. Nayman ¶9)

      e.      The opening of the PayPal account and the furnishing of the existence of the PayPal account are not the basis for the Plaintiff's Complaint.  (See Plaintiff's Complaint generally).  Rather, Plaintiff's Complaint involves the credit inquiry made by Synchrony to process the application.

      f.      On June 29, 2020, Plaintiff alleges to have sent a written dispute regarding a credit inquiry to Equifax requesting the inquiry be removed from his credit report.  (Complaint ¶29)

      g.      Synchrony has no record of receiving that ACDV from Equifax or receiving an ACDV from any other credit reporting agency regarding Plaintiff.  (Declaration of A. Nayman ¶12)

      h.      In May 2020, Plaintiff contacted Synchrony directly and requested the removal of the credit inquiry from his credit file. (Declaration of A. Nayman ¶10)

      i.      Synchrony requested that the credit inquiry be suppressed on August 2, 2020. (Declaration of A. Nayman ¶11)

### III.    ARGUMENT

#### A.    Legal Standard.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden "of informing the district court of the basis for its motion" and identifying the matters that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, then the burden shifts to the non-moving party to either present evidence demonstrating the existence of a genuine issue of material fact requiring a trial or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986). The evidence offered in opposition to a motion for summary judgment must be more than merely colorable and must be significantly probative, or summary judgment will be granted. *Anderson*, 477 U.S. at 249-50.

#### B.    The Court Should Enter Judgment In Synchrony's Favor As To Count IV Because Synchrony Had A Permissible Purpose To Obtain Plaintiff's Consumer Information.

Synchrony's potential liability for the "use" of the credit information is measured solely at the moment it made the inquiry. (Complaint ¶19). A company like Synchrony is permitted to receive a consumer's "consumer report" information when it has "a legitimate business need for the information (i) in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F)(i). A "legitimate business need" exists when a creditor seeks the information to evaluate a consumer for an extension of credit. *See, e.g., Bickley v. Dish Network, LLC*, 751 F.3d 724, 731 (6th Cir. 2014) ("[V]erifying the identity of a consumer and assessing his eligibility for a service is a 'legitimate business need,' and therefore constitutes a permissible statutory purpose.") Obtaining the consumer's information also reflects a legitimate business need

because it allows the creditor to screen for identity theft. *See id.* at 731 ("beyond dispute" that a "legitimate business need" exists to prevent identity theft).

Critically, such need exists even if the consumer who supplied the information is not the person subject to the credit inquiry. So long as a user "has reason to believe that a permissible purpose exists," that user may obtain a consumer report without violating the FCRA. *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), *aff'd sub nom. Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997). Courts for more than two decades have consistently applied this "reason to believe" standard to claims against users under Section 1681b(f). *See Danehy v. Jaffe & Asher, LLP*, No. 5:14-CV-60-FL, 2015 WL 1249879, at \*5 (E.D.N.C. Mar. 17, 2015) ("weight of authority" recognizes *Korotki's* "'reasonable belief' standard" applies to § 1681b(f), and collecting cases); *see also Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016) (applying "'reasonable belief' standard" to § 1681b(f)/§ 1681b(a)(3)(F)(i) claim like one at issue here, and collecting cases). *See also Bickley*, 751 F.3d at 733 (defendant had a permissible purpose when it "reasonably believed the transaction was initiated by the consumer").

The undisputed facts demonstrate that Synchrony had a "legitimate business need" for Plaintiff's data. On August 27, 2019, a consumer applied for credit to Synchrony using Plaintiff's security number. (Declaration of A. Nayman ¶6)  Synchrony, in evaluating that application, inquired into Plaintiff's consumer information to verify the identity and creditworthiness of the applicant. *Id.*  Because verifying the identity of an applicant for credit and assessing his or her creditworthiness is a legitimate business purpose under the FCRA, Synchrony has a permissible purpose to seek Plaintiff's consumer information and Plaintiff's Count II fails as a matter of law. See, e.g., *Bickley*, 751 F.3d 724.

**C.    Synchrony Is Entitled To Summary Judgment As To Plaintiff's Count III Because Synchrony Never Received Proper Notice Of Plaintiff's Dispute.**

Plaintiff also seeks to hold Synchrony liable under Section 1681s-2(b) of the FCRA, for having allegedly failed to conduct a reasonable reinvestigation of Plaintiff's dispute of the credit inquiry reflected in his consumer file maintained by Equifax. But that provision is inapplicable to this situation. The duty to reinvestigate a claim is not triggered unless and until a creditor is alerted of the dispute by the CRA, and it is undisputed that Synchrony never received such notice. Synchrony is thus entitled to judgment on Count III.

**1.    The duty to reinvestigate a dispute is triggered by receipt of the dispute from the CRA.**

A cause of action against furnishers of information, such as Synchrony, under the FCRA must be brought under 15 U.S.C. § 1681s-2(b).  To be liable under § 1681s-2(b), a furnisher of information must fail to properly reinvestigate a dispute as to the accuracy of the information it furnished after receiving notice of the dispute from a consumer reporting agency.  *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).

**2.    Equifax never forwarded the dispute to Synchrony.**

Plaintiff's Count III fails under the FCRA § 1681s-2(b) since Equifax did not forward a reinvestigation request (an ACDV) concerning the Plaintiff to Synchrony.  Plaintiff alleges that he notified Equifax of his dispute, but he cannot adduce any evidence that Equifax in turn notified Synchrony. Indeed, the undisputed evidence establishes the opposite. (Declaration of A. Nayman ¶12) *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012) (no private cause of action against a furnisher absent a CRA providing proper notice of the dispute). Nor is it relevant that Plaintiff raised the dispute with Synchrony directly, as the statute dictates that only notice from the CRA triggers Section 1681s-2(b) duties. 15 U.S.C. §1681s-2(b)(1); *Westra,* 409 F.3d

825; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). Because Synchrony was never informed of the dispute, Plaintiff's claim under Section 1681s-2(b) fails as a matter of law.

## IV.    CONCLUSION

Wherefore, Synchrony respectfully requests that this Court grant Synchrony's Motion for Summary Judgment and for such further relief to which it may be entitled.

DATED:  January 28, 2022                              REED SMITH LLP


/s/ Timothy R. Carwinski
Timothy R. Carwinski
tcarwinski@reedsmith.com
10 South Wacker Drive, 39th Floor
Chicago, IL  60606-7507
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400

*Attorney for Defendant Synchrony Bank*


## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2022, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Timothy R. Carwinski
Timothy R. Carwinski