**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

CHRISTOPHER CARLSON,

      Plaintiff,

v.

SYNCHRONY BANK and EQUIFAX
INFORMATION SERVICES, LLC.,

      Defendants

Case No. 3:21-cv-00077-WMC-SLC

## <u>DECLARATION OF ANGEL NAYMAN</u>

| | |
|---|---|
| STATE OF SOUTH DAKOTA | § |
| | § |
| COUNTY OF PENNINGTON | § |

I, Angel Nayman, being first duly sworn upon oath, states that the following is true and correct.

1.     I am over twenty-one (21) years of age, of sound mind, and fully competent to make this affidavit. I am employed by Synchrony Bank ("Synchrony") as Assistant Vice President for Litigation Support. I regularly obtain and examine account records when issues arise dealing with a cardholder's account. I have performed these responsibilities for Synchrony and its predecessors since 2011. The facts stated herein are true and correct and based upon my own personal knowledge and/or upon my personal review of Synchrony's business records pertinent to this matter. If called as a witness to testify, I could and would competently testify to the facts set forth herein.

2.     Synchrony is a federal savings association that, among other things, issues credit card accounts to consumers. Synchrony is regulated, supervised and examined by the Office of the Comptroller of the Currency.

3.      Synchrony's charter home office is located at 170 Election Road, Draper, Utah.

4.      My responsibilities include regularly accessing Synchrony's cardholder records, maintaining and compiling histories of cardholder terms and conditions, and investigating account records and transaction histories including communications to and from customers.  I am familiar with the manner in which credit card account records and account agreements are maintained.

5.      In the ordinary course of its regularly conducted business, Synchrony maintains electronic records related to each account application.  These records are made at or about the time of the events reflected in each record.  Among other things, these records enable Synchrony to determine when an individual becomes a cardholder.  These records also enable Synchrony to determine when Synchrony receives and responds to disputes from the consumer reporting agencies ("CRAs") regarding the completeness or accuracy of information furnished by Synchrony for any Synchrony credit card account.  Synchrony relies on these electronic records in the ordinary course of managing and servicing its customers' accounts.  I believe these records to be accurate and reliable.

6.      Synchrony's records reflect that on August 27, 2019, Synchrony received an online application for a PayPal credit account from an applicant using a Social Security number ending in 1275.

7.      Synchrony made a credit inquiry to Equifax Information Services, LLC ("Equifax") on the social security number ending in 1275 provided on the application.   The application was approved in the name of the applicant.

8.      On September 2, 2019, Christopher Carlson ("Plaintiff") contacted Synchrony and disputed the accuracy of his credit report stating he did not open a PayPal account.

9.      On September 19, 2019, Synchrony complied with Plaintiff's request and sent a request to the CRAs to which it provides consumer information to remove the PayPal account from Plaintiff's credit file.

10.     Synchrony's records reflect that, in May 2020, Plaintiff contacted Synchrony directly and requested the removal of the credit inquiry from his credit file.

11.     On August 2, 2020, Synchrony sent a request to the CRAs to which it provides consumer information to suppress the credit inquiry from Plaintiff's credit file.

12.     Synchrony has no record of receiving any dispute from Equifax or any other CRA concerning the Plaintiff.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 28th day of January 2022, at Rapid City, South Dakota.

_____
ANGEL NAYMAN