**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

CHRISTOPHER CARLSON,

   Plaintiff,

v.

SYNCHRONY BANK and EQUIFAX
INFORMATION SERVICES, LLC,

   Case No. 3:21-cv-00077-wmc

   Defendants

**PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS AND
SEPARATE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

  Plaintiff submits the below responses to Defendant's Statement of Facts and separate Statement of facts in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment.[1]

**CONTROVERTING STATEMENT OF FACTS**

  a.  Plaintiff does not dispute Paragraph (a) of Defendant's Undisputed Material Facts (hereinafter "SOF").

  b.  Plaintiff does not dispute Paragraph (b) of Defendant's SOF.

  c.  Plaintiff does not dispute Paragraph (c) of Defendant's SOF.

  d.  Plaintiff does not dispute Paragraph (d) of Defendant's SOF.

  e.  Plaintiff does not dispute Paragraph (e) of Defendant's SOF.

  f.  Plaintiff does not dispute Paragraph (f) of Defendant's SOF.

  g.  Plaintiff does not dispute Paragraph (g) of Defendant's SOF.

  h.  Plaintiff does not dispute Paragraph (h) of Defendant's SOF.

---

[1] Defendant's statement of facts is contained entirely in Defendant's brief.  Pursuant to the Preliminary Pretrial Packet, each of Defendant's statement of facts should not be considered because they were not provided in a separate statement of facts.  Notwithstanding Defendant's incorrect filing, Plaintiff responds to Defendant's statement of facts.

i.      Plaintiff disputes Paragraph (i) of Defendant's SOF.  On June 29, 2020 Plaintiff contacted Equifax directly and was told that no request to remove the inquiry had been received by Defendant. *See* Plaintiff's Affidavit.

## PLAINTIFF'S SEPARATE STATEMENT OF FACTS

1. In July 2019 Plaintiff spoke to Defendant and Defendant confirmed that Plaintiff's Social Security Number was used to open an account with Defendant name but the account had been deleted. (See Affidavit of Plaintiff; See Exhibit A - June 29, 2020 letter to PayPal Inc.).

2. On May 18, 2020 Plaintiff spoke to an account manager for Defendant (Employee number 7325495) over the phone and was advised that the hard inquiry associated with the account had not been deleted but that she would resend a request to Equifax for deletion of the hard inquiry. (See Affidavit of Plaintiff; See Exhibit A - June 29, 2020 letter to PayPal Inc.).

3. On June 29, 2020 Plaintiff contacted Equifax and was advised that the hard inquiry remained on his report and that Defendant had not contacted Equifax. (See Affidavit of Plaintiff; See Exhibit A - June 29, 2020 letter to PayPal Inc.).

4. On June 29, 2020 Plaintiff spoke to two more employees of Defendant, (Employee numbers 4570213 and 3602127), and was advised that Defendant would not take any further action to resolve Plaintiff's requested removal of the hard inquiry. (See Affidavit of Plaintiff; See Exhibit A - June 29, 2020 letter to PayPal Inc.).

5. Plaintiff advised Defendant that the hard inquiry was negatively affecting his credit report and that he would pursue legal action should the hard inquiry not be removed. (See Affidavit of Plaintiff; See Exhibit A - June 29, 2020 letter to PayPal Inc.).

6. On July 13, 2020 Plaintiff sent Defendant a second letter detailing Plaintiff's communication with Defendant and the disputed hard inquiry. (See Affidavit of Plaintiff; See Exhibit A -  July 13, 2020 letter to PayPal Inc.).

7. Plaintiff filed suit against Defendant February 2, 2021 claiming Defendant violated the Fair Credit Reporting Act 15 U.S.C. §1681b(f) because Defendant obtained Plaintiff's credit

report without authorization. (See Plaintiff's Complaint).


Dated:      February 18, 2022

_/sJoseph Panvini_
Joseph Panvini, Esq.
MCCARTHY LAW, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
(602) 456-8900