**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

CHRISTOPHER CARLSON,

      Plaintiff,

v.

SYNCHRONY BANK and EQUIFAX
INFORMATION SERVICES, LLC.,

      Defendants

Case No. 3:21-cv-00077-WMC-SLC

## SYNCHRONY BANK'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff's Opposition fails to raise any disputed material fact that can save his claims from judgment. Having withdrawn his meritless claim under Section 1681s-2(b) (Opposition p. 2, Dkt. 22-2), he argues that whether Synchrony had a permissible purpose to pull his credit cannot be decided on summary judgment because state of mind cannot be determined as a matter of law. But this reasoning misapprehends the case law and the relevant standard; courts do grant summary judgment on permissible purpose when, as here, the material facts demonstrate that a legitimate business purpose existed and the opposing party fails to dispute those facts. Plaintiff further contends that Synchrony can still be liable for having allegedly failed to delete the credit inquiry upon Plaintiff's request, but this argument confuses the respective role of a furnisher of information under the FCRA and a consumer reporting agency, which is the entity that actually maintains credit inquiry data. Moreover, Synchrony's duties to correct purported errors in credit reporting are governed by Section 1681s-2(b), and Plaintiff has already conceded that he has no such claim.

In a last ditch effort, Plaintiff asks to be allowed to conduct discovery into Synchrony's state of mind. But Plaintiff already had his chance—discovery closed on January 17, 2022—and in any event he has failed to present a sworn affidavit explaining the exact discovery he needs, as required under federal Rule 56(d). The Court should enter judgment for Synchrony.

## I.   ARGUMENT

### A.   Plaintiff Has Not Adduced Any Facts to Show That Synchrony Lacked a Permissible Purpose to Access His Credit Information.

Synchrony's opening brief established that Synchrony had a permissible business purpose to seek the Plaintiff's credit information. The Brief along with the Declaration of Angel Nayman explain that a third party provided the social security number ending in 1275 as part of a credit application. (Declaration of A. Nayman ¶ 7) Synchrony responded to the application by inquiring into the credit history associated with the provided social security number. (*Id.*) Because the FCRA permits Synchrony to have accessed Plaintiff's credit information on August 27, 2019 as part of that third-party application, Plaintiff's claim fails. *See Bickley v. Dish Network, LLC*, 751 F.3d 724, 731 (6th Cir. 2014).

Plaintiff does not and cannot dispute these facts. Instead he points only to irrelevant events that all occurred <u>after</u> the credit inquiry, and so have no bearing as to whether Synchrony had a permissible purpose <u>at the time</u> it made the credit inquiry. So long as a user "has reason to believe that a permissible purpose exists," that user may obtain a consumer report without violating the FCRA. *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), *aff'd sub nom. Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997).

Plaintiff also argues that he did not initiate the transaction. (Opposition p. 3) But this, too, is irrelevant because it is undisputed that a third party initiated the transaction and included the social security number ending in 1275 in a credit card application. (Plaintiff's SOF, Dkt 22-1a.)

Synchrony's credit pull arose from that credit application.  (Declaration of A. Nayman ¶ 7)  There can thus be no material question of fact as to whether Synchrony had a "legitimate business need" or that Synchrony had a "reason to believe" it had a permissible use to make the credit inquiry on August 27, 2019.

Plaintiff opposes summary judgment arguing that Synchrony's state of mind as to whether it had a reason to believe is a fact question for the jury.  Plaintiff cites *Langston v. Rizza Chevrolet, Inc.* No. 07 CV 5965 2008 U.S. Dist. LEXIS 96133 (N.D. Ill. Nov. 24, 2008) for the proposition that generally state of mind is a fact question for the jury to decide.  However, *Langston* does not support Plaintiff's assertion: the court in *Langston* stated "that in the absence of evidence that a FCRA violation was done knowingly, a determination as to recklessness must be based on the objective perspective." *Langston, Id.* at *25-26.  The other FCRA case Plaintiff offers to support his position that a fact question exists as to a legitimate business need or permissible purpose is *Thibodeaux v. Rupers*, 196 F.Supp. 2d 585 (S.D. Ohio 2001) where the court, in a complicated fact pattern relating to the aftermath of a divorce, refused to grant summary judgment for the plaintiff.  Because of the lack of a dispute as to the material facts in this matter, the *Thibodeaux* case is not relevant here.[1]

Contrary to Plaintiff's position, courts have determined, as a matter of law, that a "legitimate business need" exists when a creditor seeks the information to evaluate a consumer for an extension of credit.  *See, e.g., Bickley v. Dish Network, LLC*, 751 F.3d 724, 731 (6th Cir. 2014).  Plaintiff argues in response that he is not claiming to be a victim of identity theft.  (Plaintiff's Affidavit ¶4)  This changes nothing.  It is undisputed that a third party, seeking credit, provided the social security number ending in 1275.  Plaintiff argues that because the applicant made a

---

[1] The third case cited by Plaintiff is a RICO case, not an FCRA matter.  See *Cement-Lock v. Gas Tech. Inst.,* 523 F.Supp. 2d 827 (N.D. Ill 2007).  All three of Plaintiff's cited cases pre-date the *Bickley* decision.

mistake, rather than fraudulently providing the wrong social security number, Synchrony would not have a legitimate business need in assessing the credit worthiness of the applicant. This distinction is unsupported by any case law cited by the Plaintiff. Nor does it make any sense. Running a credit inquiry upon a true applicant, a fraudster or a mistaken applicant all create a legitimate business need for a potential lender. The potential lender needs to check the applicant's creditworthiness and identity regardless of why the social security number is provided by the applicant. The undisputed facts here demonstrate that Synchrony had a "legitimate business need" for the credit inquiry. See, e.g., *Bickley*, 751 F.3d 724.

**B.** **Section 1681s-2(b) is the Statute That Regulates Synchrony's Obligation to Respond to Disputes, and Plaintiff Has Abandoned That Claim.**

Despite having dropped his meritless Section 1681s-2(b) claim, Plaintiff still presses that he can somehow obtain relief for Synchrony's alleged failure to delete the credit inquiry from his file. Plaintiff is again mistaken. As Synchrony demonstrated in its opening brief, only Section 1681s-2(b) governs the duty of a furnisher of credit to reinvestigate and take action in response to disputes. 15 U.S.C. §1681s-2(b)(1); *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005). That duty is not triggered unless and until the furnisher receives the dispute from the CRA. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012) (no private cause of action against a furnisher absent a CRA providing proper notice of the dispute). Because there is not dispute here that no CRA ever communicated a dispute to Synchrony (*see* Declaration of A. Nayman ¶12**)**, Synchrony had no duty to delete the credit pull.

**C.** **Plaintiff is Not Entitled to Further Discovery.**

In an attempt to forestall summary judgment, Plaintiff seeks, a year into the case, to send interrogatories and conduct a deposition of Angel Nayman. To excuse the delay, Plaintiff alleges he did not know Ms. Nayman's identity or that Synchrony was asserting that a third party supplied

his social security number with regard to the PayPal application.  However, both Ms. Nayman as the potential representative for Synchrony and the identity of the third party applicant were listed in Synchrony's Initial Disclosures (attached hereto).  Synchrony's Initial Disclosures were served on Plaintiff's counsel on May 12, 2021.  Plaintiff had sufficient time and knowledge to seek the requested discovery prior to the filing of Synchrony's Motion for Summary Judgment.

Further, requests for discovery to respond to motions for summary judgment are governed by Federal Rule 56(d), which requires that the need for discovery be presented with specificity and be supported by affidavit. *See* Fed. R. Civ. P. 56(d); *Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015) (failure include affidavit in request for discovery alone "fully justified" denial of request). Plaintiff has indisputably failed to make the requisite showing.

Moreover, this proposed "limited" discovery is unnecessary since it would only establish what is already contained in Ms. Nayman's Declaration.  Plaintiff's attempts to needlessly prolong this matter are futile.  Similarly, so are the efforts to try to confuse the Court with facts in the Plaintiff's Affidavit and SOF listing events that occurred weeks or months after the credit inquiry. Since the Plaintiff has voluntarily withdrawn his Section 1681s-2(b) claim, anything involving actions after credit inquiry on August 27, 2019 would not alter the analysis of whether Synchrony had a legitimate business need or had a reason to believe it had a permissible use for the credit inquiry.

## II.    CONCLUSION

Wherefore, Synchrony respectfully requests that this Court grant Synchrony's Motion for

Summary Judgment and for such further relief to which it may be entitled.


DATED:  February 28, 2022                        REED SMITH LLP


                                                 /s/ Timothy R. Carwinski
                                                 Timothy R. Carwinski
                                                 tcarwinski@reedsmith.com
                                                 10 South Wacker Drive, 39th Floor
                                                 Chicago, IL  60606-7507
                                                 Telephone:  (312) 207-1000
                                                 Facsimile:  (312) 207-6400

                                                 *Attorney for Defendant Synchrony Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2022, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Timothy R. Carwinski*
Timothy R. Carwinski