**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CHRISTOPHER CARLSON, <br><br> Plaintiff, <br><br> v. <br><br> SYNCHRONY BANK and EQUIFAX INFORMATION SERVICES, LLC., <br><br><br> Defendants | Case No. 3:21-cv-00077-WMC-SLC |

**SYNCHRONY BANK'S REPLIES TO PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS AND SEPARATE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Synchrony Bank. ("Synchrony"), submits its replies to Plaintiff's Controverting Statement of Facts and Separate Statement of Facts ("Plaintiff's SSOF") in Support of its Motion for Summary Judgment.

**DEFENDANT'S STATEMENT OF FACTS**

a.    **On August 27, 2019, Synchrony received an online application for a PayPal credit account from an applicant using a Social Security number ending in 1275. (Declaration of A. Nayman ¶6) As part of the application process, Synchrony accessed Plaintiff's credit report. That inquiry triggered a notation on Plaintiff's credit report.**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (a) of Defendant's Undisputed Material Facts (hereinafter "SOF").

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

b.    **A PayPal credit account was issued to the applicant. (Declaration of A. Nayman ¶7)**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (b) of Defendant's "SOF".

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

c.    **On September 2, 2019, Plaintiff contacted Synchrony and verbally disputed the accuracy of his credit report stating he did not open a PayPal account.  (Declaration of A. Nayman ¶8)**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (c) of Defendant's "SOF".

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

d.    **On September 19, 2019, Synchrony complied with the Plaintiff's request and requested the credit reporting agencies to remove the PayPal account from Plaintiff's credit file. (Declaration of A. Nayman ¶9)**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (d) of Defendant's "SOF".

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

e.    **The opening of the PayPal account and the furnishing of the existence of the PayPal account are not the basis for the Plaintiff's Complaint. (See Plaintiff's Complaint generally).  Rather, Plaintiff's Complaint involves the credit inquiry made by Synchrony to process the application.**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (e) of Defendant's "SOF".

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

f.    **On June 29, 2020, Plaintiff alleges to have sent a written dispute regarding a credit inquiry to Equifax requesting the inquiry be removed from his credit report.  (Complaint ¶29)**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (f) of Defendant's "SOF".

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

g.    **Synchrony has no record of receiving that ACDV from Equifax or receiving an ACDV from any other credit reporting agency regarding Plaintiff.  (Declaration of A. Nayman ¶12)**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (g) of Defendant's "SOF".

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

h.   **In May 2020, Plaintiff contacted Synchrony directly and requested the removal of the credit inquiry from his credit file. (Declaration of A. Nayman ¶10)**

Plaintiff's Response:  Plaintiff does not dispute Paragraph (h) of Defendant's "SOF".

Defendant's Reply:    No Reply is necessary as Plaintiff has admitted.

i.   **Synchrony requested that the credit inquiry be suppressed on August 2, 2020.  (Declaration of A. Nayman ¶11)**

Plaintiff's Response:  Plaintiff disputes Paragraph (i) of Defendant's "SOF".  On June 29, 2020, Plaintiff contacted Equifax directly and was told that no request to remove the inquiry had been received by Defendant.  *See* Plaintiff's Affidavit.

Defendant's Reply:    Synchrony lacks knowledge of any conversation between Plaintiff and Equifax.  Synchrony would note that since August 2, 2020 is after June 29, 2020 Plaintiff's Response is not in conflict with Synchrony's Statement of Fact.

### PLAINTIFF'S SEPARATE STATEMENT OF FACTS

1.   **In July 2019, Plaintiff spoke to Defendant and Defendant confirmed that Plaintiff's Social Security Number was used to open an account with Defendant name but the account had been deleted. (See Affidavit of Plaintiff; See Exhibit "A"- June 29, 2020 letter to PayPal, Inc.).**

Defendant's Reply:    This is disputed as the credit inquiry at issue was made on August 27, 2019 and therefore the credit inquiry had not occurred yet in July 2019. (Declaration of A. Nayman ¶¶6-7)  The June 29, 2020 letter was sent to PayPal, Inc. not Synchrony.  (See Plaintiff's Exhibit "A"-June 29, 2020 letter to PayPal, Inc.)

2.   **On May 18, 2020 Plaintiff spoke to an account manager for Defendant (Employee Number 7325495) over the phone and was advised that the hard inquiry associated with the account had not been deleted but that she would resend a request to Equifax for the deletion of the hard inquiry. (See Affidavit of Plaintiff; See Exhibit "A"- June 29, 2020 letter to PayPal, Inc.).**

Defendant's Reply:     Synchrony does not dispute Paragraph 2 of Plaintiff's SSOF with the exception that the June 29, 2020 letter was sent to PayPal, Inc. not Synchrony. (See Plaintiff's Exhibit "A"-June 29, 2020 letter to PayPal, Inc.)

3.     **On June 29, 2020 Plaintiff contacted Equifax and was advised that the hard inquiry remained on his report and that Defendant had not contacted Equifax. (See Affidavit of Plaintiff; See Exhibit "A"- June 29, 2020 letter to PayPal, Inc.).**

Defendant's Reply:     Synchrony disputes Paragraph 3 of the Plaintiff's SSOF in that Synchrony was not a party to the conversation and therefore lacks knowledge of this event.  Further, the June 29, 2020 letter to PayPal, Inc. was not sent to Synchrony. (See Plaintiff's Exhibit "A"-June 29, 2020 letter to PayPal, Inc.)

4.     **On June 29, 2020 Plaintiff spoke to two more employees of Defendant (Employee numbers 4570213 and 3602127), and was advised that Defendant would not take any further action to resolve Plaintiff's requested removal of the hard inquiry.   (See Affidavit of Plaintiff; See Exhibit "A"- June 29, 2020 letter to PayPal, Inc.).**

Defendant's Reply:     Synchrony disputes Paragraph 4 of the Plaintiff's SSOF as inaccurate. Synchrony did ask Equifax for the credit inquiry to be removed. (See Declaration of Angel Nayman ¶11).  Further, the June 29, 2020 letter to PayPal, Inc. was not sent to Synchrony. (See Plaintiff's Exhibit "A"-June 29, 2020 letter to PayPal, Inc.)

5.     **Plaintiff advised Defendant that the hard inquiry was negatively affecting his credit report and that he would pursue legal action should the hard inquiry not be removed.  (See Affidavit of Plaintiff; See Exhibit "A"- June 29, 2020 letter to PayPal, Inc.).**

Defendant's Reply:     Synchrony disputes Paragraph 5 of the Plaintiff's SSOF as inaccurate and a legal conclusion without factual or legal support, as this is not in Plaintiff's Affidavit.  Further, the June 29, 2020 letter to PayPal, Inc. was not sent to Synchrony. (See Plaintiff's Exhibit "A"-June 29, 2020 letter to PayPal, Inc.)

6.  **On July 13, 2020 Plaintiff sent Defendant a second letter detailing Plaintiff's communication with Defendant and the disputed hard inquiry.  (See Affidavit of Plaintiff; See Exhibit "A"- July 13, 2020 letter to PayPal, Inc.).**

Defendant's Reply:     Synchrony disputes Paragraph 6 of the Plaintiff's SSOF as the July 13, 2020 letter to PayPal, Inc. was not sent to Synchrony. (See Plaintiff's Exhibit "A"-July 13, 2020 letter to PayPal, Inc.)

**7. Plaintiff filed suit against Defendant February 2, 2021 claiming Defendant violated the Fair Credit Reporting Act 15 U.S.C. §1681b(f) because Defendant obtained Plaintiff's credit report without authorization.    (See Plaintiff's Complaint).**

Defendant's Reply:    Synchrony does not dispute that Plaintiff filed suit on February 2, 2021 alleging that Synchrony violated the Fair Credit Reporting Act §1681b(f). Synchrony disputes that it violated the Fair Credit Reporting Act for the reasons contained in its Brief in Support of its Motion for Summary Judgment and its Reply Brief in Support of the Motion for Summary Judgment.

DATED:  February 28, 2022                          REED SMITH LLP

_/s/ Timothy R. Carwinski_
Timothy R. Carwinski
tcarwinski@reedsmith.com
10 South Wacker Drive, 39th Floor
Chicago, IL  60606-7507
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400

_Attorney for Defendant Synchrony Bank_

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2022, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

_/s/ Timothy R. Carwinski_
Timothy R. Carwinski